**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DIVISIONAT MEMPHIS**

**TARA C. CHERRY**

    **Plaintiff,**

v.                                                                    **Docket No.**

**THE CITY OF MEMEPHIS in their individual capacity:
Officer W. CARTER Badge # 12431 and
W. SELF Badge # 13709;**
,

    **Defendants.**

**AMENDED COMPLAINT FOR EXCESSIVE FORCE**

    TO THE HONORABLE JUDGES, Tara Cherry (hereinafter "Plaintiff") files this Complaint for Excessive Force in violation of Fourth Amendment of the United States Constitution against the City of Memphis ("Defendant") and individually against Officer W. Carter badge # 12431 ("Carter") and Officer W. Self, badge # 13709 ("Self") and in support thereof, Plaintiff would respectfully show unto the Court as follows:

**<u>INTRODUCTORY STATEMENT</u>**

    1.    Plaintiff, a female African American citizen, seeks redress for excessive police force suffered by her in violation of the Constitution and laws of the United States.  Specifically, Plaintiff alleges and avers that police officers, acting under the color of state law used excessive force while placing Plaintiff under arrest, injuring Plaintiff's left rotator cuff while in Plaintiff's home following a brief discussion regarding Plaintiff's son's girlfriend who was outside Plaintiff's property threatening Plaintiff who called the police to report the incident in the first instance.  Because of

these constitutional violations, Plaintiff suffered serious injuries to her left shoulder due to the conduct of the Memphis Police Department and Police Officers acting under the color of state law. Plaintiff seeks injunctive relief requiring the Defendants to eliminate these unlawful practices. Plaintiff further seeks all damages available to her under the law for the reprehensible and unlawful practices undertaken by the Memphis Police Officers acting under the color of state law.

## PARTIES

2. Plaintiff is an African American female citizen of the United States and at all times material hereto has been a resident of Tucson, Pima County, Arizona.

3. The Defendant, the City of Memphis, is a municipality and political subdivision of the State of Tennessee located in Memphis, Shelby County, Tennessee. At all material times the Memphis Police Department was a division of the Defendant, City of Memphis charged with serving the citizens of Memphis by performing the function of law enforcement in a professional manner. The City can be served by serving the City Attorney, Bruce McMullen at 125 Main Street, Memphis Tennessee 38103.

4. The defendant W. Carter is a Memphis Police Department Officer involved with the unlawful treatment of the Plaintiff. He can be served at his place of employment with the Memphis, Police Department, Ridgway Station Precinct in Memphis, Tennessee.

5. The defendant W. Self is a Memphis Police Department Officer involved with the unlawful treatment of the Plaintiff. He can be served at his place of employment with the Memphis Police Department, Ridgeway Station Precinct in Memphis, Tennessee.

## JURISDICTION AND VENUE

9. This Court has as subject matter jurisdiction. Venue is proper because transactions or

occurrences giving rise to this action occurred in Shelby County, Tennessee.

## **FACTUAL ALLEGATIONS**

7. On or about the early morning hours of June 3, 2018, Plaintiff was at her property located at 3150 Curzon Street in Memphis, Shelby County Tennessee speaking with her oldest son regarding issues and concerns that Plaintiff had about his girlfriend.

8. Plaintiff also had sent a text message to her oldest son memorializing these concerns that somehow was relayed to the girlfriend.

9. Plaintiff's son's girlfriend upon reviewing the text messages or hearing the concerns got upset and came to Plaintiff's property located at 3150 Curzon Street in Memphis, Shelby County, Tennessee to confront Plaintiff.

10. At approximately 4:00 a.m., the girlfriend arrived at Plaintiff's home and in the street began screaming for Plaintiff to meet her in the street so that she could beat up Plaintiff. Plaintiff became scared and thereafter, Plaintiff informed Plaintiff's son's girlfriend that she felt harassed, threatened and that she was going to call the police.

10. Undeterred by Plaintiff's threat to call the police, Plaintiff's son's girlfriend continued to threaten and harass Plaintiff and thereafter, Plaintiff had no option but to call the police.

11. When the Police arrived, Plaintiff spoke to the African American Officer and informed him of the details surrounding the reason for her call to the Memphis Police.

12. After discussing the details with the Officers, the Police Officers then went to speak with the girlfriend and afterwards came back and spoke with Plaintiff.

13. During this conversation, Plaintiff told the officers that she wanted to file a restraining order in an attempt to keep the girlfriend from coming back to the property. At that time, the

Officers went back and spoke to the girlfriend and when they came back, one of the Police Officers informed Plaintiff that no restraining order was possible because of an alleged lease agreement with Plaintiff, Plaintiff's son and his girlfriend. The Officers went back to speak with Plaintiff's son and his girlfriend and after some time, Plaintiff went into the house to use the restroom.

14. While going into the house, one of the Police Officers called out to Plaintiff and Plaintiff turned to him and said, "give me a minute, I am going into the house to use the restroom." Thereafter, Officer W. Self and W. Carter entered the home while Plaintiff was in the restroom and asked Plaintiff to come out. Plaintiff responded, "ok, give me a minute."

15. When Plaintiff finally came out of the restroom, one of the officer's asked Plaintiff to put her hands behind her back and Plaintiff responded, why? One of the officers responded, "you know what you are doing, I am not playing, put you hands behind you back."

16. All of a sudden, both Officers attacked Plaintiff, placed her in hand cuffs and while doing so, caused Plaintiff's left rotator cuff to be torn.

17. At all times pertinent hereto, Plaintiff was not threatening the police, or anyone at the scene including the girlfriend who she was admittedly afraid of necessitating the call to the police in the first instance.

15. At all times pertinent hereto, the Plaintiff had a constitutional right to be free of excessive Police force including having the Police apply hand cuffs in a manner so forceful that the force would cause Plaintiff's rotator cuff to be torn.

16. Prior to being attacked on her property, Plaintiff had no history of left rotator cuff problems or any of the other injuries she sustained while attacked and arrested in her home by City of Memphis Police Officers.

17. Memphis Police Department and City of Memphis Officials failed to use proper care in the hiring, training, or supervising of its police officers who caused or contributed to the constitutional violations suffered by the Plaintiff. Upon information and belief, City of Memphis Police Officers have previously engaged in similar patterns of widespread unconstitutional conduct which the Memphis Police Department and the City of Memphis knew or, under the exercise of reasonable care, should have known, but failed to take appropriate action to end such widespread patterns of unconstitutional behavior.

18. The City of Memphis and the Memphis Police Department's failure to take action to end this widespread pattern of unconstitutional conduct, along with a general failure to supervise and train its police officers, maintained a policy of indifference that enabled the individual Defendants to commit the acts of brutality against the Plaintiff. This policy was the moving force behind Defendants' violations of Plaintiff's constitutional rights.

19. Had Memphis Police Department and the City of Memphis used proper care in its training and supervision of its police officers, instead of the City of Memphis Police officers immediately attacking Plaintiff at the scene with excessive force where Plaintiff posed no threat to the public at large or the City of Memphis Police officers, City of Memphis Police Officers would have not have entered Plaintiff's home, but would have waited on Plaintiff to return outside where they could have continued the conversation as to the reason that necessitated the phone call to the police by Plaintiff.

20. The Memphis Police Department and the City of Memphis's prior failures to act constitute deliberate indifference and therefore, the individual named Defendants and the City of Memphis are liable for the constitutional violations suffered by Plaintiff.

## CAUSES OF ACTION

21. Plaintiff restates and incorporates paragraphs 1- 20 as if fully set forth herein.

22. Plaintiff charges and avers and brings the following causes of action against the Defendants:

   a. 42 U.S.C. § 1983, because the Municipal Defendant, the City of Memphis, acting under the color of state law, violated Plaintiff's rights protected by the Fourth Amendment protections against unreasonable searches and seizures, and the right to be free from the use of excessive force when municipal and county policymakers failed to put a stop to or to correct a widespread pattern of unconstitutional conduct by its police officers and has failed to appropriately train, supervise or discipline its police officers which, as a result caused the violation of the Plaintiff's constitutional rights protected by the United States Constitution.

   b. Plaintiff brings this action against W. Self and W. Carter in their individual capacities for their reckless conduct that constituted, willful, wanton actions taken by them when apprehending Plaintiff when they had no viable police reason for apprehending Plaintiff.

## DAMAGES

23. Plaintiff restates and incorporates paragraphs 1-22 as fully incorporated herein.

24. Plaintiff seeks injunctive relief to put an end to the unlawful and excessive force police practices undertaken by the County and Municipal Individual Defendant. Additionally, Plaintiff seeks $250,000.00 in damages for emotional distress, pain and suffering, loss of property

and income; and immediate shock and fear as a result of the outrageous conduct of Defendants for violations of Plaintiff's federally protected constitutional rights protected by the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff prays that the court require the Defendants to appear and answer the complaint; that Plaintiff be awarded all compensatory damages that are available to her under the law; that the Defendants be permanently enjoined from allowing reprehensible police practices from occurring in the future with respect to the treatment of any human being; that Plaintiff be awarded damages for emotional distress, pain and suffering, from all named defendants for violations of Plaintiff's federally protected constitutional rights and that Plaintiff be awarded punitive damages from the individually named Defendants in an amount that will deter such conduct and treatment from occurring in the future and to punish the individual Defendants for their reprehensible conduct; that Plaintiff be awarded his attorneys' fees, costs, pre- and post-judgment interest; and, any and all other relief to which they are entitled to at law and equity.

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Respectfully submitted,

        ESKINS, KING, & MARNEY, PC

BY:   /s James E. King, Jr.
       JAMES E. KING. JR., (#BPR 21219)
       50 North front Street, Suite 590
       Memphis, Tennessee 38103
       Phone: (901) 578-6902
       Fax:   (901) 578-8690